to December 31st, 1868. Upon all, said King was liable as principal debtor. June 30th, 1874, King filed, in the usual form, his petition for final discharge, which was referred to the register for his action in the premises, and thereupon a hearing was ordered and held upon said petition on the 13th day of July, 1874, after due and adequate notice by mail, and publication in the usual form as prescribed by law, to all creditors and others in interest. On that day the oath before final discharge, duly taken by said King, was filed, his last examination was passed, but no consent in writing of his creditors was filed, nor was any opposition made or entered to his application. The district court, pro forma, refused to grant the discharge, and the bankrupt brings the matter before this court for review under the second section of the bankrupt act.

J. F. Maury, for the bankrupt.

No appearance contra.

NOTE.—District Judge Lowell, in Re Griffiths [Case No. 5,825], decided this question in the same way; also, Mr. District Judge Hopkins, in the case of In re Perkins [Id. 10,983]. The learned judge, in the Case of Perkins [supra], from the fact that section 9 of the amendatory bankrupt act of 1874 repeals the provisions of section 33 of the original act, which prohibits the discharge of the bankrupt unless his assets pay fifty per cent. of the debts proved against his estate, or unless a majority in number and value of his creditors consent; and from the further fact that this repeal carries with it the repeal of section 1 of the act of July 27, 1868 (15 Stat. 227), and also of section 1 of the act of July 14, 1870 (16 Stat. 276), by which section 33 of the original act was amended; and from the further fact that the remaining provisions of section 9 of the amendatory act of 1874, which provide that in cases of compulsory bankruptcy, the bankrupt shall be entitled to his discharge without reference to the amount of his assets or the consent of his creditors, and that in cases of voluntary bankruptcy, the bankrupt shall not be entitled to his discharge unless his assets shall be equal to thirty per centum of the debts, or unless he shall have the consent of one-fourth in number and one-third in value of his creditors, are prospective only, and do not apply to pending cases, was of opinion that bankrupts, both in voluntary and compulsory cases commenced before the 22d day of June, 1874, may be discharged, without reference to the question of the amount of assets, or the number of creditors assenting, provided they comply with the law in other respects. Affirming in part, and denying in part. In re Francke [supra]. He also held (In re Perkins, supra), although the acts of 1868 and 1870 (above stated) may not be repealed, yet as to debts contracted before the 1st day of January, 1869, the bankrupt is entitled to his discharge without reference to the amount of his assets. Acc. In re Francke [supra]. And that in fixing the time when the debt was contracted, if notes have been given in renewal of other notes, the debt will be deemed to have been contracted from the date of the original transaction, and not from the date of the renewal notes. He also held that where the debtors opposing the discharge were sureties on the original notes made before the 1st day of January, 1869, as well as upon the renewal notes made since that date, they do not (whichever way the statute be construed) occupy a position to insist on the payment of any portion of the debt of their principal (a voluntary bankrupt) before he can be discharged. He cites in support of the last point, Mace v. Wells, 7 How. [48 U. S.] 272; Baker v. Vasse [Case No. Mott. 4 Comst. [4 N. Y.] 604; and Van Sandau v. Corsbie, 8 Taunt. 550, 3 Barn. & Ald. 13; In re Perkins [supra]. See, also, Singer v. Sloan [Case No. 12,898] opinion in district court [Id. 12,-899]; and also In re Lowenstein [Id. 8,573].

## Case No. 7,782.

### In re KING.

[3 Dill. 364;[1] 2 Cent. Law J. 92.]

Circuit Court, D. Nebraska. Jan. 1875.

BANKRUPT ACT OF JUNE 22, 1874—DEFECTIVE SPECIAL VERDICT—PETITION FOR REVIEW IN BANKRUPTCY.

On a creditor's petition in bankruptcy on which issue was taken, a jury had rendered a defective special verdict, but no general verdict, before the amended bankrupt act of June 22, 1874 [18 Stat. 178], was enacted, and the case was pending on a motion by the creditors for an adjudication of bankruptcy on the special verdict, and notwithstanding it, when said amendatory act took effect, and afterwards by consent of court

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

an amended petition under said amended act was filed and issue taken thereon: *Held,* that the action of the court in subsequently dismissing the case on the strength of the special verdict was erroneous, and that the issues made under the amended act by the amended petition should have been determined.

A creditor's petition in bankruptcy was filed against [Robert G.] King, March 17, 1874. Denial of acts of bankruptcy, and trial to jury May 4, 1874, who returned a special verdict. Motion by petitioning creditors for an adjudication on the special verdict, and notwithstanding the same, while this motion was undetermined, the amended act of June 22, 1874, went into effect, and on October 17, 1874, an amended petition was filed by consent of court bringing in additional creditors, and stating acts of bankruptcy in compliance with said amended act. King filed an answer denying the alleged acts of bankruptcy, and denying that the requisite number and amount of creditors were concurring in the proceeding. The court found, it seems, that the requisite number were assenting to the proceeding; but on the 18th day of November, 1874, entered an order "stating, that the cause came on to be heard on the verdict of the jury rendered at the May term, before the pleadings were changed to comply with the act of June 22, 1874, and the court being fully advised, orders that the proceedings be dismissed, and that the marshal turn over to R. G. King all the property held under the provisional warrant heretofore issued." To review and re-examine this order, the petitioning creditors bring the case here by petition in review.

C. S. Chase and W. D. Bartholomew, for creditors.

DILLON, Circuit Judge. I am of opinion that the special verdict is defective in not covering the issues or affording a basis of facts for a decision, for or against the petition. The result is, that there was simply a mis-trial, leaving the case pending in the bankruptcy court. It was so pending when the amended bankrupt act of June 22, 1874, took effect, and the retroactive provisions of that act applied to it as an undetermined case, requiring the assent of one-fourth in number and one-third in value of the creditors.

The petition was amended, alleging that the requisite proportion of creditors as to number and value concurred in the proceeding, and stating acts of bankruptcy to comply with the new provisions of law, and issue was taken on this amended petition by the debtor. These issues as to the acts of bankruptcy were never tried, but the court entered an order on the 18th day of November, 1874, based upon the special verdict of May 4th, 1874, dismissing the petition of the creditors and all proceedings under the same, and ordering the marshal to restore to the debtor all property held under the provisional warrant. This was erroneous. The special verdict being defective, there was a mis-trial, leaving the case pending in the court, and the order ought to have been to set aside the special verdict and to have the issues made by the amended pleadings, tried and determined in the usual manner. The order of the 18th day of November, 1874, above mentioned, is reversed and set aside, and the district court ordered to proceed in the case in a manner not inconsistent with the order herein made, and to require the marshal to take possession of the property of debtor. Ordered accordingly.